UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLEEN VILLALBA,
    Plaintiff,

v.                              Case No. :    6:15-cv-2000-Orl-31KRS

AMVETS POST 33 INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KATHLEEN VILLALBA ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, AMVETS POST 33 INC. ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in Osceola County, because a substantial part of the acts and conduct charged herein occurred in this County, which lies within the Middle District of Florida. Defendant employed Plaintiff within this County, and has conducted substantial, continuous and systematic commercial activities within this County. All of the substantial events giving rise to these claims, including the unlawful employment practices of Defendant, arose in this County, which lies within the Middle District of Florida.

## PARTIES

4. Defendant is authorized to do business and doing business in Osceola County. Specifically, Defendant operates a veterans' services business in St. Cloud, Florida

5. Plaintiff worked for Defendant as a Bartender at their post located at 2419 13th Street in St. Cloud, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

7. As part of her regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

10. Defendant continues to be an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

12. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year. Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

### FACTS

17. Plaintiff worked for Defendant from April 2014 to June 2015 as a bartender.

18. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

19. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; she had no special or professional qualifications and skills for the use of which she was employed by Defendant; and she had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

20. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

21. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid at least the applicable FLSA minimum wage for all of the hours that she worked.

22. By only compensating Plaintiff with tips earned during Plaintiff's shifts, Defendant failed to pay Plaintiff a minimum wage.

23. While employed by Defendant, Plaintiff never received an hourly wage or salary.

24. Defendant only compensated Plaintiff by giving Plaintiff the tips earned during Plaintiff's shifts.

25. On or around June 19, 2015, Defendant terminated Plaintiff's employment.

26. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

### COUNT I – FLSA MINIMUM WAGE VIOLATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of November, 2015.

Respectfully submitted,

_____
**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
**Attorney for Plaintiff**