# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into by and between KATHLEEN VILLALBA ("Plaintiff") and AMVETS POST 33, INC., ("Defendant").

Plaintiff has entered into this Agreement on behalf of herself and her heirs, executors, administrators, legal representatives, and assigns.

Defendant has entered into this Agreement on behalf of related and affiliated entities, and their owners, representatives, officers, directors, agents, employees, successors and assigns, insurers, and all persons acting by, through, under or in concert with or for any of them.

Plaintiff and Defendant are collectively referred to as the "Parties," with each Party intending to be bound by the terms and conditions of this Agreement.

In consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties expressly, knowingly, and voluntarily agree as follows:

## WITNESSETH

WHEREAS, Plaintiff performed bartending services for Defendant;

WHEREAS, Plaintiff instituted the following civil action: KATHLEEN VILLALBA vs. AMVETS POST 33, INC., Case No. 6:15-cv-2000, pending in the United States District court for the Middle District of Florida (hereinafter referred to as the "Lawsuit"), which purports to allege claims for: (1) Federal minimum wage;

WHEREAS, the Parties desire to fully and finally to resolve the Lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Plaintiff against Defendant, and that could have been made by Defendant against Plaintiff, relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed and Plaintiff represents that no other charges, actions or claims are pending on her behalf, other than the Lawsuit;

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1. The Parties entered into this Agreement for the sole purpose of resolving the aforementioned Lawsuit and to avoid the burden, expense, delay, and uncertainties of litigation and any possible or future charges, complaints, claims, or lawsuits.

2. Upon execution of this Agreement by all Parties and the payment of the monies referenced herein, Plaintiff will file a Voluntary Dismissal which will be prepared by

Plaintiff's counsel.

3.(A) In consideration of this Agreement, and in full and final release and settlement of all claims that were made in the Lawsuit or any other possible claims that could be made by Plaintiff, whether known or unknown, Defendant shall pay Plaintiff the following settlement payments:

A total settlement amount of $10,000. The first $5,000 will be made payable to Plaintiff for which a 1099 shall be issued. The second check will be made payable to Wenzel Fenton Cabassa, P.A.'s operating account in the amount of $3,000. Then, Defendant will make monthly payments totaling $500 for a period of four consecutive months, in checks made payable to Plaintiff with each payment due on the 1st day of Month, beginning on May 1, 2016 through the next four consecutive months. All checks will be mailed directly to Plaintiff's counsel's office, located at 1110 N. Florida Ave., Suite 300, Tampa, FL 33602.

(B)    The Parties further acknowledge that Plaintiff's attorneys' fees and costs were negotiated separately from and without regards to the amounts being paid to Plaintiff under this Agreement.

(C)    Defendant shall deliver the first $5,000 and $3,000 above-referenced payments to Plaintiff's counsel's office within one week after receipt by Defendant of a copy of this Agreement that has been executed by Plaintiff. Then, Defendant will make monthly payments totaling $500 for a period of four consecutive months, in checks made payable to Plaintiff with each payment due on the 1st day of Month, beginning on May 1, 2016 through the next four consecutive months. All checks will be mailed directly to Plaintiff's counsel's office, located at 1110 N. Florida Ave., Suite 300, Tampa, FL 33602.

(D) The Parties jointly agree to release any claims they may have against each other by entering into this agreement up through the date of the last signature.

(E).    Plaintiff (and her heirs, assigns, executors, administrators, accountants, tax preparers, agents, representatives, or attorneys) shall refrain from making any written or oral statement or taking any action, directly or indirectly, which they know or reasonably should know to be disparaging or negative concerning Defendant, any of their affiliates, their officers and or employees. Similarly, Defendant (limited to its members of Post 33) shall refrain from making any written or oral statement or taking any action, directly or indirectly, which they know or reasonably should know to be disparaging or negative concerning Plaintiff. Defendant will do the same.

(F)    Neither Plaintiff nor Defendant (limited to its members of Post 33) shall disclose, either directly or indirectly, any information whatsoever regarding any of the terms of the settlement or the existence of this Agreement or the claim which prompted the Action, to any person or organization, including but not limited to members of the press and media, present and

former employees (including Independent Contractors) of Defendant, customers of Defendant, companies who do business with Defendant or other members of the public. The only exceptions to this promise of confidentiality herein is that the Parties (as defined in this paragraph) may reveal such terms of this Agreement as are necessary to comply with a request made by the IRS, as otherwise compelled by a court or agency of competent jurisdiction, or as necessary to comply with requests from their accountants for legitimate purposes.

(G).  Except as otherwise agreed in this Agreement, the Parties shall bear their own attorneys' fees and costs.

(H).  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.  This Agreement may not be supplemented or changed without the written consent of the Parties.  The Parties have not made any promises other than those in this Agreement.  Any representations or agreements between the Parties, whether oral or written, not explicitly included in this Agreement are expressly disclaimed and waived by the Parties.  The introductory WHEREAS clauses set forth at the beginning of this Agreement are contractual in nature and are specifically incorporated by reference herein.

(I).  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

(J).  All provisions of this Agreement are severable and, if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable.

(K).  This Agreement is entered into in the State of Florida, and its validity, construction, interpretation, construction, and administration shall be governed by the laws of the State of Florida.  Any action or proceeding brought to enforce the terms of this Agreement shall exclusively lie in the state courts in Orange County, Florida.  The Parties hereby knowingly, voluntarily, and intentionally waive any right either may have to a trial by jury with respect to any litigation related to or arising out of, under, or in conjunction with this Agreement.

(K).  All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

(L).  Plaintiff warrants and represents that no other person or entity has claimed or now claims any interest in the subject of the release described in this Agreement, that Plaintiff has the exclusive authority to execute this Agreement and to receive the payments described herein, and that she has not sold, assigned or transferred, or purported to assign or transfer to any person or entity, any claims resolved or released by this Agreement or any portion thereof or interest therein.

(M).  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of such counterparts taken together shall constitute one and the same agreement.

(N). In compliance with the Older Workers Benefit Protection Act, Plaintiff acknowledges that she has thoroughly read the entire Agreement, and specifically acknowledges the following:

A. Plaintiff understands the language of the settlement agreement and release, and that any questions she may have had during her review of the Agreement was explained to her satisfaction and understanding by retained legal counsel of her choosing;

B. Plaintiff understands that the waiver and release specifically includes a waiver of rights and claims arising under the Age Discrimination in Employment Act ("ADEA");

C. Plaintiff's waiver of rights and claims in this Agreement is in exchange for good and valuable consideration as described in this Agreement, including the payment from Defendant provided for in this Agreement, which Plaintiff acknowledges she is not otherwise entitled to and/or is in addition to anything of value to which she is already entitled;

D. Plaintiff understands that she is not waiving any rights or claims that may arise after the date this Agreement and release is executed;

E. Plaintiff has been advised to consult, is advised to consult, and has consulted legal counsel of her choosing prior to executing this Agreement, and who has carefully read and fully explained all the provisions of this Agreement, and explained it to Plaintiff;

F. Plaintiff hereby states that she and her counsel have made a full and independent investigation of all the facts and representations relating to this Agreement and release and, therefore, state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendant or on the part of any Party's agents, attorneys, employees or representatives other than those specifically set out herein;

G. Plaintiff represents and agrees that she carefully read and fully understands all of the provisions of this Agreement, and is knowingly and voluntarily entering into this Agreement with the intent to be bound by it and without any coercion or duress;

H. Plaintiff has had a reasonable time period up to twenty-one (21) days from receipt of this document to accept the terms of and sign this Agreement, and that she may accept and sign this Agreement before expiration of the twenty-one (21) day time period, but is not required

to do so by Defendant;

I.    After signing this Agreement, Plaintiff may revoke their acceptance within seven (7) days by providing written notice of revocation to Defendant. It is understood that Defendant has no obligation to make any payment as described in this Agreement until the Agreement becomes effective in accordance with this provision notwithstanding any language contained herein to the contrary.

PLEASE READ THIS AGREEMENT CAREFULLY. IT CONTAINS A RELEASE BY PLAINTIFF OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST DEFENDANT UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, THE OLDER WORKERS BENEFIT PROTECTION ACT, AS AMENDED, AND THE FLORIDA WHISTLEBLOWER ACT.

In witness whereof, KATHLEEN VILLALBA hereto executes this eight-page Agreement.

KATHLEEN VILLALBA

Date: 4/4/2016

In witness whereof, ELDON SINCERBOX, on behalf of Defendant AMVETS POST 33, INC., hereto executes this eight-page Agreement.

Eldon Sincerbox, on behalf of Defendant AMVETS Post 33, Inc.

Date: 4/4/2016